**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDRE D. GOLDSMITH,** | : | |
|    **Plaintiff,** | : | |
| | : | |
|   **v.** | : | **CIVIL ACTION NO. 25-CV-7428** |
| | : | |
| **ABSOLUTE RESOLUTIONS** | : | |
| **INVESTMENTS, LLC,** | : | |
|    **Defendant.** | : | |

**<u>MEMORANDUM</u>**

**BAYLSON, J.**                                                                                          **JULY    14, 2026**

In a prior Memorandum and Order filed March 31, 2026 (ECF Nos. 7, 8), the Court

dismissed the Complaint filed by Andre D. Goldsmith because it failed to state a claim pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Goldsmith v. Absolute Resols. Invs., LLC*, No. 25-7428,

2026 WL 896000 (E.D. Pa. Mar. 31, 2026) ("March Memorandum").  Goldsmith was granted

leave to proceed *in forma pauperis* and leave to file an amended complaint to cure the

deficiencies identified by the Court with respect to his claims under the Fair Credit Reporting

Act, 15 U.S.C. §§ 1681-1681x ("FCRA") and the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §§ 1692-1692p.  He has since filed a three page Amended Complaint

(ECF No. 9 at 1-3 ("Am. Compl.")), along with more than 235 pages of Exhibits (ECF No. 9 at

4-50, ECF Nos. 9-1, 10).  For the following reasons, the Amended Complaint will be dismissed

for failure to state plausible claims.

I.    **FACTUAL ALLEGATIONS**[1]

Goldsmith's narrative allegations are extremely brief.  He asserts that this case arises under the FCRA and alleges that Absolute Resolutions Investments, LLC ("ARI") is a furnisher pursuant to 15 U.S.C. § 1681s-2.  (Am. Compl. at 1.)  Goldsmith asserts a violation of 15 U.S.C. § 1681s-2(b) under the FCRA, stating that ARI "reported inconsistent balances ($10,356 and $2,281)" that he disputed with consumer reporting agencies, but ARI "failed to investigate and continued reporting" these inconsistent balances.  (*Id.* at 1, 2.)  Goldsmith also asserts a violation of 15 U.S.C. § 1692e under the FDCPA, alleging that ARI "used deceptive and misleading communications."  (*Id.*)  With a reference to "Exhibit G," he claims that ARI made "conflicting statements regarding collection activity."  (*Id.*)  Goldsmith further alleges in conclusory fashion that ARI's "conduct is willful and systemic."  (*Id.* at 2.)  Referring to multiple exhibits,[2] but without further explanation, he claims that despite "repeated disputes," ARI continued reporting inaccurate information and "reinserted accounts."  (*Id.*)

Goldsmith lists generalized failures and/or errors in the form of sentence fragments without further detail or explanation.  (*Id.* at 3.)  While directing the Court to various exhibits, he claims to have established the following: inaccurate reporting, notice, failure to investigate, continued reporting, and damages.  (*Id.*)  The exhibits total 237 pages and include highlighted

---

[1] The factual allegations set forth in this Memorandum are taken from Goldsmith's Amended Complaint.  (ECF No. 9 at 1-3.)  The Court has also considered the Exhibits filed by Goldsmith. *See* ECF No. 9 at 4-50, ECF Nos. 9-1, 10.  The Court adopts the sequential pagination assigned to the Amended Complaint by the CM/ECF docketing system.

[2] Goldsmith continuously refers to "Exhibit I" (*see* Am. Compl. at 1-3), but there are no exhibits labeled as "Exhibit I."

credit reports containing alleged inaccuracies,[3] dispute letters, CFPB complaints, and investigation results.  (ECF No. 9 at 4-50; ECF Nos. 9-1, 10.)  With respect to his alleged damages, Goldsmith states in conclusory fashion that his "score dropped to 557," and refers the Court to "Exhibit A."  (*Id.* at 1, 3.)  He lists, without explanation, "19.61% APR loan ($1,441 cost)," citing to "Exhibit G."  (*Id.* at 3.)  He also alleges insurance denial, emotional distress, and financial harm.  (*Id.*)  He requests "deletion" and seeks monetary damages in an unspecified amount. (*Id.*)

## II.     STANDARD OF REVIEW

Because the Court granted Goldsmith leave to proceed *in forma pauperis*, the Amended Complaint is subject to statutory screening under 28 U.S.C. § 1915(e)(2)(B)(ii) and must be dismissed if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At the screening stage, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Amended Complaint "contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other*

---

[3] One page of the exhibits includes a handwritten notation that "inaccurate information will be highlighted."  (ECF No. 10 at 48.)  It is unclear whether Goldsmith is asserting that all of the highlighted material contained in the exhibits is inaccurate or if the notation only refers to those particular pages.  Also, Goldsmith does not provide any further explanation as to how or why the highlighted material is inaccurate.

*grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

Because Goldsmith is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 244).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245).

An amended complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*) (quoting Fed. R. Civ. P. 8(d)(1) (stating that "[e]ach averment must be 'simple, concise, and direct.'")). The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's

4

language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Gowans v. Axsom,* No. 25-2070, 2025 WL 2848907, at *1 (3d Cir. Oct. 8, 2025) ("Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests.") (quoting *Garrett*, 938 F.3d at 92)). In other words, a complaint must contain sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Testa v. Internal Revenue Serv.,* No. 22-3382, 2023 WL 8271966, at *1 (3d Cir. Nov. 30, 2023) (quoting Fed. R. Civ. P. 8(d)(1) (internal quotations and citations omitted)). Dismissals under Rule 8 are "reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.    DISCUSSION

Goldsmith's Amended Complaint fails to allege any plausible FCRA or FDCPA claims. As stated above, Goldsmith was provided an opportunity to cure the pleading deficiencies with respect to his FCRA and FDCPA claims by filing an amended complaint. The March Memorandum supplied Goldsmith with the pleading requirements that he was required to set forth to state claims for relief under 15 U.S.C. §§ 1681s-2(b) and 1692e. *Id.* at *2-7. However, as explained in more detail below, Goldsmith's Amended Complaint does not cure his previous pleading deficiencies.

### A. FCRA Claim - 15 U.S.C. § 1681s-2(b)

Section 1681s-2(b) is the only section of the FCRA "that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information" such as ARI.[4] March Memorandum at *3 (quoting *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (quoting *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (cleaned up))). As explained in the March Memorandum, to state a plausible claim against a furnisher of credit information under § 1681s-2(b), Goldsmith must allege that he "[1] filed a notice of dispute with a consumer reporting agency; [2] the consumer reporting agency notified the furnisher of information of the dispute; and [3] the furnisher of information failed to investigate and modify the inaccurate information." *Id.* (citing *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016)

---

[4] Goldsmith also asserts violations of the FCRA under 15 U.S.C. §§ 1681e(b) and 1681i(a). (Am. Compl. at 2.) These statutes, as well as 15 U.S.C. § 1681s-2(a), are cited throughout the exhibits filed with the Amended Complaint. (*See* ECF No. 9 at 4, 6, 24-25; ECF No. 9-1 at 52, 54, 79, 82, 86, 91, 93, 102; ECF No. 10 at 8, 21, 24, 31, 60, 65, 122.) However, as previously explained to Goldsmith in the March Memorandum, the duties defined by §§ 1681e(b) and 1681i(a) apply only to consumer reporting agencies. March Memorandum at *3, n.5. Accordingly, to the extent Goldsmith's Amended Complaint refers to obligations of consumer reporting agencies, he has not stated a basis for a claim against ARI based on those provisions because there is no suggestion that ARI is a such an agency. *Id.* (citing *Peterson v. Great Midwest Bank*, No. 25-1386, 2026 WL 115014, at *5 (E.D. Wis. Jan. 15, 2026) (concluding that plaintiff's claims under § 1681e(b) must be dismissed because that section does not apply to information furnishers); *Hastings v. Citizens Bank*, No. 17-1901, 2020 WL 1550749, at *2 (D. Or. Apr. 1, 2020) (recognizing that "§ 1681e(b) and § 1681i do not apply to furnishers"); *Sites v. Nationstar Mortg. LLC*, 646 F. Supp. 2d 699, 705 (M.D. Pa. 2009) (stating that § 1681g and § 1681h "speak exclusively to consumer reporting agencies" as opposed to users or furnishers of information) (citing 15 U.S.C. §§ 1681g, 1681h); *Leet v. Cellco P'ship*, 480 F. Supp. 2d 422, 430 (D. Mass. 2007) (Because "Verizon is a 'furnisher of information,' [and] not a consumer reporting agency," §§ 1681g and 1681h do not apply.)). Further, and as previously explained to Goldsmith, § 1681s-2(a) does not include a private right of action for consumers. March Memorandum at *3, n.5 (citing *Tauro v. Cap. One Fin. Corp.*, 684 F. App'x 240, 242 n.2 (3d Cir. 2017) (*per curiam*) (noting that the FCRA prohibits private enforcement of the duties arising under § 1681s-2(a)) (citation omitted)).

6

(collecting cases), *aff'd*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); 15 U.S.C. §§ 1681s-2(b)).

Goldsmith was further instructed that to set forth a plausible claim, he must provide "some

threshold showing of inaccuracy [in his pleading] to make a claim." *Id.* (citing *Holland v. Trans

Union LLC*, 574 F. Supp. 3d 292, 302 (E.D. Pa. 2021)).  Finally, Goldsmith was also told that he

must have standing to bring an FCRA claim and if he opted to file an amended complaint, he

was required to sufficiently tie his alleged injuries to the conduct of ARI.  *Id.*

Goldsmith states in conclusory fashion that his credit "score dropped to 557" and lists,

without explanation, "19.61% APR loan ($1,441 cost)." (Am. Compl. at 1, 3.)  He claims

insurance denial, emotional distress, and financial harm. (*Id.*)  Again, Goldsmith has not

provided any explanation as to how ARI's alleged "inconsistent" reporting caused the claimed

harm so as to confer standing to pursue an FCRA claim.  Although the Court provided him with

the law about this requirement, he has not alleged what insurance or credit he applied for and

how or why it was difficult or denied, so as to support an inference that any credit denial is

traceable to ARI's alleged misreporting of a debt.  March Memorandum at *4 (citing *Hayward v.

USAA Fed. Sav. Bank*, No. 24-5602, 2025 WL 1094255, at *4 (E.D. Pa. Apr. 11, 2025) (holding

that plaintiff's "conclusory statement that as a direct result of Kik Off's alleged actions, she has

suffered a credit denial, with no factual information about who denied her credit and why the

denial is traceable to Kik Off's conduct" failed to allege "concrete injuries" for purposes of the

standing inquiry (cleaned up))).  Further, Goldsmith's repeated allegations of emotional harm

are, as before, too undeveloped and conclusory to allege standing.  *Id.* (citing *Byrd Est. v.

Nationstar Mortg., LLC*, No. 24-1063, 2025 WL 3172843, at *5 (E.D. Pa. Nov. 13, 2025)

(finding allegations of "economic harm, reputational damage, litigation costs, and emotional

distress" to be "no more than conclusions" that "are not entitled to the assumption of truth"

(citations omitted)); *see also Filgueiras v. Midland Funding, LLC*, No. 16-3037, 2025 WL 2637171, at *6 (D.N.J. Aug. 22, 2025) ("[S]parsely identified alleged harm is insufficient to confer standing."), *report and recommendation adopted*, 2025 WL 2636416 (D.N.J. Sept. 11, 2025)).  In sum, the Amended Complaint does not plausibly allege that Goldsmith suffered concrete harm traceable to ARI's conduct in a manner that would permit the Court to conclude he has standing to pursue his FCRA claims.

Further, even assuming Goldsmith has standing to pursue his FCRA claims, he has not plausibly stated a claim under § 1681s-2(b).  Despite being provided with instruction on the elements required to successfully plead a claim arising under § 1681s-2(b) of the FCRA, *see* March Memorandum at *3, Goldsmith again asserts in conclusory fashion that ARI "failed to investigate" and "continued reporting inconsistent balances."  (Am. Compl. at 2.)  Without further explanation, Goldsmith lists "inconsistent balances ($10,356 and $2,281)."  (*Id.* at 1.)  He does not set forth facts describing how and why the balances were inconsistent.  Rather, it appears from the exhibits that these balances correspond to two different accounts from Navy Federal Credit Union that were taken over by ARI.  The account balance of $10,365.13 is from a "Visa Signature Go Rewards," ending in account number 7322, while the balance of $2,281.02 is from a "Cashrewards Visa," ending in 8921.  (*See* ECF No. 10 at 22-23.)  Goldsmith recites elements of an FCRA claim in conclusory fashion only, and he provides no factual allegations to support any element of the claim beyond these rote statements.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No.

8

21-13409, 2022 WL 1558474, at \*3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims))).

### B. FDCPA Claim - 15 U.S.C. § 1692e

The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." March Memorandum at \*4 (quoting *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005)). To state a claim under the FDCPA, a plaintiff must allege that (1) he or she "is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Id.* (quoting *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted)). Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible. *Id.* (citing *Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that the FDCPA claim was not pled based on "conclusory and speculative statements that cannot survive a motion to dismiss")).

Goldsmith asserts a claim under § 1692e, averring that ARI's "conflicting statements regarding collection activity" misled "the consumer."[5] (Am. Compl. at 2.) He references Exhibit G (*see* ECF No. 10 at 60-64), claiming that this exhibit somehow "[d]emonstrates financial harm (19.61% APR) and misleading debt communication." (ECF No. 10 at 60.) It appears from the referenced exhibit that Goldsmith qualified for "3 partner [loan] offers up to

---

[5] Notably, Goldsmith does not allege that ARI is a debt collector but only identifies ARI as a "furnisher." (Am. Compl. at 1.)

$7,700." (*Id.* at 61-63.) It is unclear how personal loan offers are related to his § 1962e claim. Goldsmith provides no further factual allegations.

As previously explained in the March Memorandum, § 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* at *7 (citing 15 U.S.C. § 1692e). To state a claim under § 1692e, a false statement "must be material when viewed through the least sophisticated debtor's eyes." *Id.* (quoting *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 594 (3d Cir. 2020); *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 150 (3d Cir. 2023) (stating that a court must consider "whether a debt collector's statement in a communication to a debtor would deceive or mislead the least sophisticated debtor.") (citing *Jensen*, 791 F.3d at 420)). "Because the standard is objective, 'the specific plaintiff need not prove that she was actually confused or misled, only that the objective least sophisticated debtor would be.'" *Id.* (citing *Jensen*, 791 F.3d at 419).

As with the initial Complaint, the basis for Goldsmith's § 1692e claim is not clear from his Amended Complaint. He does not identify what credit information was communicated, how it was "conflicting" or misleading, how ARI knew or should have known that the information it allegedly communicated was conflicting or misleading, or to whom the information was allegedly communicated. Goldsmith's allegations parrot statutory language and are insufficient on their face to support a claim. *Id.* at *6 (citing *Shareef v. Consumer Portfolio Servs. Inc.*, No. 21-4039, 2021 WL 5823011, at *3 (E.D. Pa. Dec. 7, 2021) ("Citing to the [FDCPA] and repeating the language contained in the law is insufficient to state a claim without a description of what actions [the debt collector] took to give rise to the claim against it."); *see also Humphreys*, 686 F. App'x at 97 (concluding that FDCPA claim was pled based on "conclusory

10

and speculative statements that cannot survive a motion to dismiss"); *Astarita v. Solomon & Solomon, PC*, No. 12-5670, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content - such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt - which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA.")).

## IV.    CONCLUSION

Goldsmith's mere citations to various sections of the FCRA and the FDCPA and his allegations that ARI failed to comply with the statutory requirements of § 1681s-2(b) and § 1692e, combined with his entirely conclusory sentence fragments, are insufficient to state a plausible claim.  He attaches nearly 240 pages of exhibits, directing the Court to refer to the voluminous materials as assertions of ARI's alleged wrongdoing.  However, Goldsmith bears the burden to plead sufficient facts to state plausible FCRA and FDCPA claims *within* his complaint—and not merely attach documents that might provide information supporting his claim.  A complaint cannot state a claim by relying solely on exhibits, absent factual allegations in the complaint that explain the basis for the plaintiff's claims against the defendants.  *See Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a

11

claim for relief that is plausible on its face.").  "Judges are not like pigs, hunting for truffles buried in the record."  *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (internal quotation marks and citation omitted).

Because Goldsmith's Amended Complaint lacks short and plain statements explaining the basis for his claims, it does not comply with Rule 8 and will be dismissed.  Having already provided Goldsmith with the opportunity to file an amended complaint to clearly set out the factual bases of any claims he wanted to present, the dismissal will be with prejudice.  *See Gowans*, 2025 WL 2848907, at *2 ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." (quoting *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (*per curiam*))); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *5 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("[B]ecause Robinson has had two opportunities to amend his complaint, declining to grant further leave to amend was proper.").  An appropriate Order will be entered separately.  *See* Federal Rule of Civil Procedure 58(a).

BY THE COURT:

/s/ Michael M. Baylson

_____

MICHAEL M. BAYLSON, J.

12